UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CHARLES PRICE,<br>*Plaintiff*, | § § § | |
| v. | § § | |
| CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br>*Defendant* | § § § § § | CIVIL ACTION NO. 4:13-CV-01322 |

### ORDER

Plaintiff Christopher Charles Price filed this case under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), for review of the Commissioner's final decision denying his request for disability and supplemental security income.[1] Both Price and the Commissioner filed for summary judgment. (Dkts. 10, 11). Having considered the parties' submissions, the administrative record, and the applicable law, the court grants the Commissioner's motion and denies the plaintiff's motion.

## I. Background

### *A. Procedural History*

Christopher Price filed for benefits under Titles II and XVI of the Social Security Act ("the Act") with the Social Security Administration on September 24, 2010,[2] claiming disability since July 1, 2010. (Tr. 11, 126-31). After Price's application was denied at the initial and reconsideration levels, (Tr. 71-80), Price requested a hearing before an

---

[1] The parties have consented to the jurisdiction of this magistrate judge for all purposes, including final judgment (Dkt. 8).
[2] The transcript of the administrative record will be cited as "Tr. ___".

administrative law judge ("ALJ"). (Tr. 81-92). His hearing regarding his application for supplemental social security benefits was held on January 17, 2012. (Tr. 28). The ALJ decision, dated March 12, 2012, denied Price's application for benefits, finding Price was not disabled under the Act. (Tr. 8-27). On February 28, 2013, the Appeals Council denied Price's request for review of the ALJ's decision. (Tr. 1-6), transforming it into the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000). Price filed suit in this Court on May 1, 2013. (Dkt. 1).

### *B. Hearing*

Price was present and testified at the hearing, and was represented by counsel. (Tr. 28-52). Price was 39 years of age at the time of the hearing. (Tr. 33). Price has a high school degree and attended college for some time, but did not graduate. (Tr. 35). He has worked in the following positions at various call centers: (1) dispatch supervisor, (2) repair technician, (3) physicians verifications, and (4) customer relations. (Tr. 38-39). In his testimony, Price alleged he is disabled due to congestive heart failure, depression, obesity, back pain, and depression; he also suffers from breathing difficulties and loss of sleep due to his heart condition. (Tr. 28-52). Price testified that his condition prevents him from walking more than three feet and performing any job, even a sedentary one. (Tr. 49-50). Price also testified that he is able to read, write, manage money, drive, use a computer to check and send email, and assist his parents by typing up menus at their daycare center. (Tr. 35-52). The ALJ also heard testimony from Charles L. Poor, a vocational expert. (Tr. 52-55).

*C. ALJ's Decision*

The ALJ engaged in the usual five step analysis. *See* 20 CFR 404.1520, 416.920; *see also Waters v. Barnhart,* 276 F3d, 716, 718 (5th Cir. 2002); (Tr. 15-21). At step one, the ALJ found Price had not engaged in substantial gainful activity since the alleged onset date of his disability, July 1, 2010. (Tr. 13). At step two, the ALJ found Price's obesity, congestive heart failure, hypertension, degenerative disc disease of the lumbar spine, major depressive disorder, and anxiety were all severe impairments. (Tr. 13). At step three, the ALJ found the above named impairments, considered singularly and in combination, did not meet or medically equal one of the listed impairments in Appendix 1. (Tr. 14-16); *see also* 20 C.F.R § 404.1526(b)(3). At step four, the ALJ assessed Price's RFC and found Price was capable of limited sedentary work. (Tr. 16-22). At step five, the ALJ considered Price's RFC in conjunction with his age, education, and work experience and determined there are jobs that exist in significant numbers in the national economy that Price can perform, including past relevant work as a supervising dispatcher and customer service representative. (Tr. 22-23).

**II. Applicable Law**

Section 405(g) of the Act governs the standard of review in disability cases. *Waters v. Barnhart,* 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny Social Security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard and (2) the Commissioner's decision is supported by substantial evidence. *Id.* Substantial evidence is "such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion," *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), and is "more than a scintilla and less than a preponderance." *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court does not reweigh the evidence, try the questions *de novo*, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. The courts strive for judicial review that is deferential but not so obsequious as to be meaningless. *Brown v. Apfel,* 192 F.3d 492, 496 (5th Cir. 1999).

To qualify for supplemental income, a plaintiff must prove he has a disability, defined under the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months". 42 U.S.C. §§ 423 (d)(1)(A) and 1382c(a)(3)(A); *Masterson*, 309 F.3d at 271.

## III. Analysis

Price argues the Commissioner erred in finding Price was not entitled to disability benefits because the ALJ (1) failed at step two to find Price's obstructive sleep apnea (OSA) a severe impairment and (2) at step four, improperly excluded Price's OSA in her assessment of Price's RFC. (Dkt. 10-2).

### *A. Severe Impairment*

The ALJ considered Price's OSA but found it non-severe because it "can be controlled with proper use of . . . CPAP," or continuous positive airway pressure, a therapy that allows those who suffer from OSA to breathe more easily during sleep. (Tr. 14). Price contends

that the ALJ's conclusion was factually unsupported. (DKt. 10-2). Further, Price claims he is unable to afford a CPAP machine,[3] as he testified at the hearing. (Dkt. 10-2; Tr. 45, 404).

Currently, Price is using his mother's CPAP machine, which blows more air than is necessary to treat his condition. (Tr. 45). Generally, an impairment that can reasonably be resolved through medical treatment is not disabling. *Lovelace v. Bowen,* 813 F.2d 55, 59 (5th Cir.1987); *Taylor v. Bowen,* 782 F.2d 1294, 1298 (5th Cir.1986). However, if "the claimant cannot afford the prescribed treatment and can find no way to obtain it, the condition that is disabling in fact continues to be disabling in law." *Taylor,* 782 F.2d at 1298. Here, because Price has found a way to obtain treatment for his sleep apnea–by accessing his mother's CPAP machine–the *Lovelace* standard does not apply.

Further, Price has not demonstrated that he is unable to obtain a CPAP machine by utilizing any free or low-cost medical services potentially available. *See* SSR 82-59, 1982 WL 31384 at *4 ("All possible resources (e.g., clinics, charitable and public assistance agencies, etc.), must be explored" before an individual may claim he is unable to afford prescribed treatment); *see also* SSR 96–7p, 1996 WL 374186, at *8 (July 2, 1996). Thus, the ALJ's determination that Price's OSA condition is not a severe impairment is based in substantial evidence.

### B. Residual Functional Capacity

Next, Price argues that the ALJ improperly disregarded his sleep apnea in determining Price's RFC. The court disagrees. While the ALJ did not specifically mention

---

[3] A CPAP machine delivers a constant air flow, or pressure, to users while they sleep, allowing for OSA treatment at home. *How is Sleep Apnea Treated?*, NAT'L HEART, LUNG, AND BLOOD INST. http://www.nhlbi.nih.gov/health/health-topics/topics/sleepapnea/treatment.html (last accessed June 6, 2014).

Price's OSA in her RFC assessment, she did consider the limitations that the impairment may have caused. For example, the ALJ took Price's shortness of breath into account. (*See* Tr. 18-19). Therefore, the ALJ's did not err in assessing Price's residual functional capacity.

## IV. Conclusion

For these reasons, the Commissioner's decision is supported by substantial evidence and based on the appropriate legal standards. Therefore, Price's motion for summary judgment (Dkt. 10) is DENIED and the Commissioner's motion (Dkt. 11) is GRANTED.

Signed at Houston, Texas on June 10, 2014.

Stephen Wm Smith
United States Magistrate Judge